UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH S. WRIGHT, | |
| Plaintiff, | Case No. C22-5432-TL-MLP |
| v. | |
| PIERCE COUNTY, | REPORT AND RECOMMENDATION |
| Defendant. | |

### I. INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Joseph Wright is currently confined at the Pierce County Jail in Tacoma, Washington. This matter comes before the Court for the purpose of screening Plaintiff's amended prisoner civil rights complaint. The Court, having reviewed Plaintiff's amended complaint, and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

Plaintiff is a pretrial detainee who is confined at the Pierce County Jail while awaiting trial on unspecified criminal charges. (*See* dkt. # 6 at 2.) Plaintiff filed his original complaint in this action on June 10, 2022. (Dkt. # 1.) Plaintiff's original submission was comprised of a proposed complaint and a statement of additional claims, and Plaintiff alleged therein multiple violations of his First, Sixth, Eighth, and Fourteenth Amendment rights relating to the conditions of his confinement at the Pierce County Jail and to his ongoing state court criminal proceedings. (*See* dkt. ## 4 at 4-8, 4-1 at 1-6.) Plaintiff also alleged violations of rights protected by the Health Insurance Portability and Accountability Act ("HIPAA"). (*See* dkt. # 4-1 at 6-7.)

Plaintiff identified the following nine Defendants in his original complaint: (1) the Pierce County Jail; (2) the Pierce County Sheriff's Office; (3) Naphcare; (4) Pierce County "Medical" John Slothower; (5) Pierce County Jail "Medical Subordinates"; (6) Pierce County Sheriff's Office "Subordinates"; (7) Pierce County Sheriff's Office "Chief Jackson"; (8) Pierce County Jail Employee "Jones"; and (9) Pierce County Jail "Subordinates." (Dkt. # 4 at 3.) Plaintiff requested as relief his original complaint that his current criminal cases be reduced to probation or vacated, that issues at the Pierce County Jail be addressed and remedied, and that he be awarded monetary damages in the amount of $750,000. (*See* dkt. ## 4 at 9, 4-1 at 7.)

After reviewing Plaintiff's proposed complaint and his statement of additional claims, this Court concluded that Plaintiff had not stated any viable claim for relief. The Court therefore issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint. (Dkt. # 5.) The Court noted in its Order that Plaintiff had not alleged sufficient facts to adequately state a claim for relief under § 1983 against the individual

REPORT AND RECOMMENDATION
PAGE - 2

Defendants referenced in his materials, and that the entities Plaintiff identified as Defendants in his materials were not subject to suit under § 1983. (*See id*. at 6-8.) The Court further noted that Plaintiff's claims pertaining to his underlying criminal proceedings were barred by the *Younger* abstention doctrine (*id*. at 8-9), that the Fourteenth Amendment and not the Eighth Amendment was the constitutional provision applicable to Plaintiff's claims challenging the conditions of his confinement (*id*. at 9-10), and that Plaintiff's HIPAA claims failed to state a claim upon which relief could be granted (*id*. at 10).

On July 20, 2022, Plaintiff filed an amended complaint. (*See* dkt. ## 6, 6-2.) Plaintiff's amended submission, like his original one, was comprised of a proposed complaint and a statement of additional claims. (*See id*.) Plaintiff identified only two claims in his proposed amended complaint and only a single Defendant, *i.e.*, Pierce County. (*See* dkt. # 6.) Plaintiff's statement of additional claims appears to be identical to that submitted with his original complaint. (*See* dkt. # 6-2.) It identifies seven claims referencing various individuals and entities, none of whom are named as Defendants in his amended complaint. (*See id*.)

Because the claims asserted in Plaintiff's statement of additional claims reference only individuals and entities not named as Defendants in Plaintiff's amended complaint, and because Plaintiff made no effort to amend those claims to conform to the pleading requirements identified in this Court's prior Order, the Court will not further address those claims except to note that Plaintiff has not stated any cognizable claim for relief with respect to the claims asserted in his statement of additional claims. The Court therefore turns to the two claims asserted by Plaintiff in the portion of the amended complaint submitted on the Court's standard form.

REPORT AND RECOMMENDATION
PAGE - 3

Plaintiff alleges in the first count of his amended pleading that Pierce County, through the Pierce County Jail, violated his Eighth Amendment right to be free from cruel and unusual punishment by assigning him to a bunk that violated State of Washington and CDC COVID-19 mandates pertaining to bunk spacing, thereby exposing him to the risk of contracting COVID-19.[1] (Dkt. # 6 at 4-5.) Plaintiff alleges in the second count of his amended pleading that Pierce County, acting through the Department of Assigned Counsel, violated his Sixth Amendment rights. (*Id*. at 6.) Though the facts asserted in support of this claim are not particularly clear, Plaintiff appears to fault his public defender for "unmerited delays" in his criminal proceedings. (*See id*.) Plaintiff also appears to allege in the second count of his amended pleading that Pierce County, acting through the Pierce County Jail, violated his Sixth Amendment rights by continuing to operate under a COVID-19 mandate even though the mandate has been "cleared" by the CDC. (*See id*.)

As noted above, Plaintiff identified Pierce County as the lone Defendant in his amended complaint. (Dkt. # 6 at 3.) Plaintiff seeks damages in the amount of $750,000, and he asks that issues at the Pierce County Jail be addressed and remedied, and that staff be retrained. (*Id*. at 9.)

### III.   DISCUSSION

#### A.   General Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the

---

[1] Plaintiff does not identify in his pleading how long he was assigned to the bunk in question, nor does he allege that he actually contracted COVID-19 during the time he was so assigned.

REPORT AND RECOMMENDATION
PAGE - 4

complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

REPORT AND RECOMMENDATION
PAGE - 5

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury, and must demonstrate that the municipality, through its deliberate conduct, was the "moving force" behind the injury alleged. *Bryan Cty. Comm'rs v. Brown*, 520 U.S. 397, 403-404 (1997) (citing *Monell*, 436 U.S. at 694).

**B.     Analysis**

   *1.     Ground One: Conditions of Confinement*

Plaintiff alleges in the first count of his amended pleading that Pierce County violated his right under the Eighth Amendment to be free from cruel and unusual punishment when it assigned him to a bunk that did not comport with State of Washington and CDC COVID-19 bunk space requirements. (*See* dkt. # 6 at 4.) Plaintiff asserts that the failure of Pierce County to comply with the requisite bunk spacing guidelines caused him to be exposed to the risk of catching COVID-19. (*Id*. at 5.)

Plaintiff was advised in the Court's prior Order that if he chose to pursue claims against Pierce County, he would need to clearly identify the custom or policy he intended to challenge, and he would need to set forth clear and specific facts demonstrating that the challenged custom or policy caused him constitutional harm. (Dkt. # 5 at 7.) Plaintiff was also advised in the Court's prior Order that any claim relating to the conditions of his confinement as a pretrial detainee derive from the Due Process Clause of the Fourteenth Amendment and not from the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id*. at 9.)

Despite the guidance previously provided by the Court, Plaintiff once again identifies his claim as one arising under the Eighth Amendment. More significantly, however, Plaintiff fails to identify any policy or custom that caused him harm rising to the level of a constitutional violation. Plaintiff's allegation that he was assigned to a bunk that violated Washington State and CDC guidelines for bunk spacing, standing alone, is insufficient to demonstrate that he was deprived of any federal constitutional right in relation to his bunk spacing, or that Pierce County had a policy or custom that caused him any injury. In sum, Plaintiff fails to allege sufficient facts to demonstrate any plausible claim for relief against Pierce County under a *Monell* theory of liability and, thus, he fails to adequately state a claim for relief under § 1983 in the first count of his amended complaint.

2.     *Ground Two: Criminal Proceedings*

Plaintiff alleges in the second count of his amended complaint that Pierce County violated his Sixth Amendment right of access to the courts. (Dkt. # 6 at 6.) Though the facts alleged by Plaintiff in support of this claim are not entirely clear, he appears to complain about delays in his ongoing state court criminal proceedings. (*See id*. at 6-7.) Plaintiff also complains that the Pierce County Jail is still operating under a COVID-19 mandate which he believes has been "cleared" by the CDC, though he fails to explain the significance of this fact to his Sixth Amendment claim. (*Id*. at 6.)

Plaintiff provides slightly more detail in his original complaint in relation to his Sixth Amendment claim, which is informative here. In particular, Plaintiff alleged in his original complaint that pandemic related restrictions at the Pierce County Jail had deprived him of face-to-face access to his attorney and the ability to meet with counsel at the Pierce County Jail

REPORT AND RECOMMENDATION
PAGE - 7

before court dates. (*See* dkt. # 4 at 7-8.) Plaintiff suggested that these alleged deprivations had interfered with his ability to prepare his defense to his criminal charges. (*See id*.)

Assuming Plaintiff intends to assert a similar claim in the second count of his amended complaint, albeit against Pierce County and not the improper defendants identified in relation to the claim in his original complaint, Plaintiff still fails to assert a viable claim for relief. As the Court explained in its Order declining to serve Plaintiff's original complaint, because Plaintiff is awaiting adjudication of his pending criminal charges in Pierce County, his claims pertaining to his right to a speedy trial and his right to counsel would necessarily require this Court to become involved in his ongoing state court criminal proceedings. (*See* dkt. # 5 at 8.)

Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana* 626 F.2d 82, 83-84 (9th Cir. 1980).

The *Younger* abstention doctrine requires that a district court abstain from deciding issues raised in a federal action if state proceedings are: (1) ongoing; (2) implicate important state interests; and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). *Younger* principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the

REPORT AND RECOMMENDATION
PAGE - 8

same practical effect as a declaration or injunction on pending state proceedings. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

All of the *Younger* criteria are satisfied here. Plaintiff's state court proceedings are ongoing, those proceedings involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that Plaintiff cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm. It therefore appears that this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves. Plaintiff therefore fails to state a viable claim for relief in the second count of his amended complaint.

### IV.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b) for failure to state a viable claim for relief under § 1983. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 30, 2022**.

REPORT AND RECOMMENDATION
PAGE - 9

DATED this 7th day of September, 2022.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 10